Pablo Calderon
7 Old Parish Road
Darien, CT 06820
January 24, 2024

Honorable Judge Maria Araújo Kahn
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Dear Judge Araújo Kahn,

    I am the Petitioner in case *Calderon v. United States of America,* Case no. 24-2720. On October 18, 2024, I filed in this case a Motion for Abeyance. Dkt. No. 5. On October 25, 2024, this Court, with your Honor's presence, granted the Motion "pending the result of a district court 28 U.S.C. § 2241 proceeding, docketed under D. Conn. 24-cv-1595." Dkt. no. 10. On January 21, 2025, this Court ordered that I, the Petitioner, "inform the Court of his position on whether the present proceeding should be reactivated." Dkt. no. 17.

    My position in the instant case is that it not be reactivated until there is a *final* decision in that case, *Calderon v. U.S. Probation Office,* Case. no. 3:24-cv-1595-VDO (D. Conn.). The case was dismissed by the District Court on November 12, 2024. Dkt. no 13. I appealed the District Court's decision on November 15, 2024. Dkt. no. 14. On November 21, 2024, this Court opened the appeal with case no. 24-3050. Dkt. no. 5. If this Court affirms the decision below in case no. 24-cv-1595-VDO (D, Conn.), I still have the right to file a petition for certiorari with the U.S. Supreme Court. If the Supreme Court denies the petition or affirms this Court's decision, then the decision will be final. On the other hand, this Court may remand the case to the District Court and from a procedural standpoint the case could return to square one. The decision in *Calderon v. U.S. Probation Office* is not final until the losing party has exhausted all the appeals, the losing party does not exercise its right to appeal or its right to request review in the time authorized by statute or if, before that time, the losing party represents that it will not exercise the rights it still has.

    The arguments for the Motion of Abeyance where a *final* decision is requested as opposed to a first decision are identical. *See* Dkt. no. 5. As noted in my Motion:

> If [in *Calderon v. U.S. Probation Office,* case no. 3:24-cv-1595-VDO (D. Conn.)], which is a collateral attack on [Movant's] convictions, a Certificate of Appealability or *habeas* jurisdiction under one of the alternative theories is granted, the claims of the instant case will be moot, and Movant will withdraw from this case.

*Id.* at 3. Granting abeyance until a final decision is a matter of judicial economy for all the parties involved as it is for the courts.

    I want to take the opportunity of this letter to amend a statement made in my Motion for Abeyance in the instant case. Dkt. no. 5. There, I state:

> Movant needs the declaratory judgment sought in *Calderon v. CoBank et al.*, case no. 3:24-cv-1603-VDO (D. Conn.) regarding the applicable LC law to validate his legal arguments of this collateral attack on his convictions.

*Id.* at 3. The declaratory judgment sought in case no. 24-cv-1603 (D. Conn.) is *sufficient* to prevail in case no. 24-cv-1595 (D. Conn,), not necessary. Therefore, also for reasons of judicial economy, I have moved this Court in the appeal to that case, *Calderon v. U.S. Probation Office*, no. 24-3050, for abeyance pending a *final* decision on *Calderon v. CoBank et al.*, case no. 3:24-cv-1603-VDO (D. Conn.) Dkt. no. 15 in Case no. 24-3050. The Motion for Abeyance in case *Calderon v. U.S. Probation Office* is still pending.

    Respectfully,

    /Pablo Calderon/

    Pablo Calderon.